NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2011[*]
Decided August 13, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE *Circuit Judge*

No. 10-3224

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:08-cr-30023-DRH -PMF-1 |
| ANTHONY D. WOMACK, *Defendant-Appellant*. | David R. Herndon, *Chief Judge*. |

**O R D E R**

Anthony Womack was convicted in the district court of having distributed over five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). After Mr. Womack's conviction, but before he was sentenced, Congress enacted and the President signed the Fair Sentencing Act of 2010 (the "Act"), which reduced the

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2)(C).

sentencing disparity between cocaine base and powder cocaine offenses.  Pub. L. No. 111-220 (2010).  At his sentencing, Mr. Womack sought to have the district court apply the Act's provisions rather than impose a harsher pre-Act sentence.  The district court declined, concluding that Congress had not intended the Act to apply retroactively.  It then sentenced Mr. Womack to 360 months' imprisonment.

Mr. Womack appealed, again contending that the Act, which went into effect on August 3, 2010, should have applied to his September 22, 2010, sentencing.  We held our decision in abeyance until the Supreme Court could decide *Dorsey v. United States*, 132 S. Ct. 2321 (2012), which presented substantially the same issue about the Act's applicability to offenses committed before August 3, 2010.  The Supreme Court held that "the Act's more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." *Id*. at 2326.

In light of *Dorsey*, we vacate the judgment of the district court and remand the case in order to permit the district court to sentence Mr. Womack in accordance with the decision of the Supreme Court.

VACATED and REMANDED for RESENTENCING